MAYER v. BOYLE et al.

(Supreme Court, Appellate Term. January 5, 1912.)

BILLS AND NOTES (§ 420*)—NOTICE OF NONPAYMENT—ACTION AGAINST INDORSER—EVIDENCE.

Where defendant, sued as an indorser of a note, serves on plaintiff an original affidavit, averring that he has not received notice of the nonpayment of the note, as authorized by Code Civ. Proc. § 923, plaintiff, to recover, must prove by common-law evidence that the note was presented for nonpayment, and was not paid, and that it was protested, and due notice of protest and nonpayment given to the indorser, and plaintiff's testimony that he told the indorser over the telephone that the note had not been paid is not sufficient.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 420.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by I. Jules Mayer against E. Mortimer Boyle and others. From a judgment of the Municipal Court for plaintiff, defendant Boyle appeals. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

E. Mortimer Boyle, in pro. per.

Otterbourg, Steindler & Houston, for respondent.

SEABURY, J. The defendant is sued as an indorser of a promissory note. Pursuant to section 923 of the Code of Civil Procedure, the defendant served on the plaintiff an original affidavit to the effect that he had not received notice of the nonpayment of the note. It was therefore incumbent upon the plaintiff to prove by common-law evidence that the note was presented for payment and was not paid, and that it had been protested for nonpayment, and that due notice of protest and nonpayment was given to the indorser. With this requirement the plaintiff failed to comply. No proof that notice of protest was given to the indorser was offered. The plaintiff's testimony that he told the defendant over the telephone that the note

had not been paid was not a compliance with the negotiable instruments law.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.